The Chancellor.
In the case of the late Dr. Willoughby, after a full examination of the subject; I came to the conclusion that the court of chancery had the power, out. of the sur-, plus income of the estate of a lunatic, to provide for the support of one who was not his next of Md, and whom the lunatic was under no legal obligation to support, where the chancellor was satisfied, beyond all reasonable doubt, that the lunatic himself would have provided for the support of such person if he had been of sound mind, so as to be legally competent to do so: The case of The Earl of Carysfort, (Craig & Phil. Rep. 76,) is a strong case in favor of the jurisdiction of the court of chancery to direct such a provision to be made. For in that case the lord chancellor allowed a retiring pension, out of the income of the estate of the lunatic earl, to an old personal' servant ; merely because he was satisfied that the earl himself would have approved of such an allowance if the loss of his reason had not deprived him of the power to act for himself. •
In the case under consideration, the lunatic, when in the full possession of all his faculties, placed himself in the situation of *329 a father to the two young ladies mentioned in the petition, and supported them as members of his family and sent them to a boarding school; where one ‘of them completed her education and has again returned and become a member of his family, leaving the other still at school. I have ño doubt, therefore, that if Mr. Heeney had retained the full possession of his faculties he would have continued to support them in the saíne way while they remained unmarried. I shall therefore but carry oiit his undoübted intentions, by directing the committee to let these two young ladies remain in the family and be supported as they have heretofore been, until their marriage, or the death of the lunatic, or the further order of the court. The committee must also continue the one who has not yet finished her education, at the boarding school for the same length of túne that her sister was continued there by the lunatic, and pay the same allowance for her education, <fcc., out of the income of the lunatic’s estate. And generally, the committee is to provide for the keeping up of the lunatic’s family establishment, with the same number of domestics, for his comfort and convenience, that he has heretofore employed before his lunacy, and to expend for that purpose such sums as may benecessary, not exceeding the anútial amount of §2000, mentioned in the petition. And if increasing infirmity should require a greater expenditure for the comfort and support of Mr. Heeney and his family, the committee is to be at liberty to apply for a further allowance for that purpose.
I cannot authorize the committee to be the almoner of the general charities of the lunatic; but so long as Mr. Heeney himself is competent to judge as to the probable claims of those who may call upon him for small donations, for temporary relief from want and suffering, the committee is to place at his disposal, in small sums, an amount not exceeding §100 per annum, to be disposed of for that purpose in such way as Mr. Heeney may deem fit. The committee is also authorized and directed to allow and pay to the surviving sister of the lunatic the annuity of §250, in quarterly payments, which she has heretofore been accustomed to receive from her brother, out of the iñcoiné of his estate ; and to pay her physician’s bills and *330 such other occasional sums as her brother has been in the naoit of giving her from time to time, not exceeding $150 per annum.
It also appears to be proper that the committee should ne directed to allow to the three aged ladies, whose family name was Fullard, who have been so long sustained by the lunatic’s bounty, the same allowance which Hr. Heeney was in the habit of making to them, respectively, as fixed allowances; and that he should be directed to pay the arrears of such allowances for the time they have been suspended by the incapacity of the lunatic. The committee is also to be authorized to pay for the support of the institutions of religion, in the church where Mr. Heeney and his family were accustomed to worship at the time his mental faculties became impaired, such sums, from time to time, as Mr. Heeney may desire him to pay, not exceeding the amount which the lunatic had been accustomed to pay annually for the two or three years, immediately preceding the time from which he is found by the inquisition to have been of unsound mind; not exceeding the annual sum of $100.
The committee is to be directed to pay the note stated to have been endorsed by Mr. Heeney to pay the board and tuition of the two young ladies brought up in his family. And the payment of the note given for the assessments, upon the lunatic’s property, is sanctioned by the court. But the two notes endorsed by the lunatic for Michael Dunn, and which endorsements are overreached by the finding of the jury, are not to be paid by the committee without further order. But the holders of such notes are to be left to apply to the supreme court, in equity, for the payment of such notes by the committee, upon due notice of the application to him, if they cannot be collected from the maker of such notes; provided such holders can show that in equity the lunatic’s estate should be charged with the payment thereof.
The committee is also to be authorized to compromise the suit of James Heaney and William Heaney, mentioned in the petition in this matter, on such terms as he may deem reasonable. And he is directed to pay the amount of the verdict and costs in the suit brought by Thomas Billsland. without further *331 litigation. But the chancery suit brought by Mr. Heeney against Michael Bunn, the committee is directed to prosecute until he shall become satisfied that there is no probability of his being able to bring the same to a successful termination, or until the defendant therein shall offer such terms of compromise as the committee shall deem it for the interest of the lunatic’s estate to accept; in which case he is at liberty to compromise and settle the said suit, with the defendant therein.
The committee is also to be at liberty to advance such sums as may be necessary, out of his own funds, to meet payments which should be made immediately, and which the moneys of the lunatic, in his hands, are insufficient to pay; and to retain the amount of such advances, with the legal interest thereon, out of the future income of the estate, or out of the proceeds of the personal estate in his hands.